## William C. McClintock v. George H. Helberg.

1. TRIALS—*By the Court—Its Conclusions.*—Where the court below sees and hears the witnesses, its conclusion must be accepted as right.

**Bill in Chancery.**—Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed April 27, 1896.

JAMES L. CLARK, attorney for appellant.

W. S. COY and GEO. L. THATCHER, attorneys for appellee.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The original transactions which led to the present controversy are detailed in Helberg v. Nichol, 149 Ill. 249.

It now appears, in addition to what is there shown, that when the bill was first filed an injunction was awarded, the terms of which do not appear in the abstract, which being dissolved when the bill was dismissed, a bond was delivered to the solicitor of the appellee of the tenor following:

" Know all men by these presents, that we, Isaac A. Hart-

man and Valentine G. Hunt, of the city of Chicago, county of Cook, and State of Illinois, are held and firmly bound unto George H. Helberg of said Chicago, in the penal sum of ($4,500) four thousand five hundred dollars, for the payment of which, well and truly to be made, we jointly, severally and firmly bind ourselves, our heirs, executors and administrators by these presents, as witness our hands and seals this 24th day of February, 1892.

The condition of the above obligation is such that, whereas, heretofore, and on the 6th day of December, 1890, the said George H. Helberg exhibited his bill in chancery in the Superior Court of said county, against the above named Isaac A. Hartman and others, in case No. 30,498, and obtained an injunction therein restraining the said defendant from collecting, paying or in any manner interfering with a certain promissory note and trust deed, in said bill set forth and described, which injunction is about to be dissolved by said court.

Now, therefore, if the prayer of said bill shall, upon final decree therein, be denied, and the said bill dismissed by the court, then this obligation to be void, but if said prayer shall to any extent be granted, and that in said final decree the court shall decide that the said Helberg is entitled to the relief there sought, then and in that case the said Helberg shall be entitled under this obligation to be paid not only the amount of said note, but also the further sum of seven hundred and fifty dollars ($750).

ISAAC A. HARTMAN.    [SEAL.]

VALENTINE G. HUNT.    [SEAL.]

The appellant having paid the note of $3,690 to Hartman, the question now is whether the appellant shall again pay it, as well as the other $750 to the appellee. There is nothing to indicate that anybody but Hartman ever had any title to the note, though it does appear that in the name of Hartman's wife the appellant was sued upon it.

Whether the decree in favor of the appellee is such as will be of any avail to him as to the note and trust deed securing it, will not be considered.

Why—upon what terms—the bond was given and accepted, is the subject of irreconcilable testimony given on the hearing. The appellant's position is that it was not only to prevent an application under Sec. 21, Ch. 69, "Injunctions," for a continuance of the injunction, but as a release of all claim upon the note and trust deed, while the appellee assents only to the first branch of that position.

The court below saw and heard the witnesses, and we accept its conclusion that the appellee is right.

Under the decision of the Supreme Court, the appellee at the time this bill was filed, was entitled to all the purchase money unpaid by the appellant.

The appellant and Hartman could not by any dealings between themselves, while the suit of the appellee against them was being prosecuted, limit the relief to which the appellee might be entitled. If the appellant had not paid Hartman *pendente lite* he would now—unless used otherwise —have the money with which to pay appellee.

It appears that the solicitor of the appellee consented to a release of part of the premises described in the trust deed. That consent seems to have been gratuitous, and without the sanction of the appellee. There is no error in the decree of which the appellant can complain, and it is affirmed.